**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,        )
                                 )
        v.                    )        ID No. 2304010070
                                 )
JAIAYRE BROWN,           )
                                 )
      Defendant.        )

**ORDER**

On this 12th day of March, 2026, upon consideration of Jaiayre Brown's ("Defendant") *pro se* Motion to Modify Sentence (the "Motion") made pursuant to Superior Court Rule of Criminal Procedure ("Rule") 35(b),[1] the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1. On August 29, 2023, Defendant pleaded guilty to Carrying a Concealed Deadly Weapon ("CCDW") (a Class D Violent Felony) and Possession of Ammunition by a Person Prohibited ("PABPP") (a Class D Nonviolent Felony).

2. The Court sentenced Defendant on September 7, 2023.[2]

3. On December 1, 2025, Defendant filed the instant Motion, in which he requests that the Court modify his Level IV (DOC Discretion) sentence to Level III

---

[1] Docket Item (hereinafter "D.I.") 18 (hereinafter "Mot.").

[2] D.I. 14. For PABPP, Defendant received eight years of Level V supervision, suspended after three years for six months of Level IV supervision (DOC Discretion), followed by one year and six months of Level III supervision. For CCDW, Defendant received eight years of Level V supervision, suspended after six months for eighteen months of Level III supervision (probation concurrent with the sentence for PABPP).

(GPS) or, alternatively, Level IV (Home Confinement), to be held at Level III (GPS).[3] Defendant explains that modification is merited because he might be moved downstate when the Plummer Center closes, which could deprive him of his local support network, a prospective host for Level IV (Home Confinement), and an employment opportunity.[4]

4.　　The Court considers motions for modification of sentence under Rule 35(b). Before addressing the merits of a motion, the Court first considers the applicable procedural bars.[5]

5.　　Rule 35(b) mandates that the Court will not consider repetitive requests for sentence reduction.[6] A Rule 35(b) motion is considered repetitive even if the later motion raises new arguments.[7]

6.　　Defendant has previously requested modification of his sentence.[8] As mandated by Rule 35(b), this Motion is repetitive, and it cannot be considered by the Court. Hence, Defendant's Motion is **DENIED.**

　　**IT IS SO ORDERED.**

Sheldon K. Rennie, Judge

---

[3] Mot. p. 4.
[4] *Id.* at p. 3.
[5] *State v. Redden*, 111 A.3d 602, 606 (Del. Super. 2015).
[6] Super. Ct. Crim. R. 35(b).
[7] *State v. Culp*, 152 A.3d 141, 144 (Del. 2016).
[8] *See* D.I. 15 (Motion for Sentence Reduction), D.I. 16 (Order Denying Motion for Sentence Reduction).